United States District Court
Southern District of Texas

**ENTERED**

June 17, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

LUIS MANUEL HERNANDEZ-
SALDANA,

§
§
§

Petitioner,

§   CIVIL ACTION NO. H-26-4671

§

vs.

§
§
§

WARDEN, Montgomery Processing
Center, *et al.*,

§
§
§

Respondents.

§

**ORDER TO ANSWER**

The petitioner, Luis Manuel Hernandez-Saldana, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Docket Entry No. 1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, the court **orders** as follows:

1.     The Clerk must deliver copies of the petition (Docket Entry No. 1) and this Order to the Acting United States Attorney for the Southern District of Texas, John G.E. Marck, by electronic mail to USATXS.CivilNotice@usdoj.gov.

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

2.      The proper respondent must file an answer or other appropriate responsive pleading within **seven (7) days** after the date of service and must forward a copy to the petitioner's counsel. If matters outside the pleadings are relied upon, the motion will be treated as a motion for summary judgment and should be titled as such.

3.      In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

This petition challenges the substantive reasonableness of the petitioner's detention under the Constitution.    There are "four 'nonexhaustive' factors governing when detention is unreasonable: the length of detention, the likelihood it will continue, the reasons for delay, and how confinement conditions compare to criminal punishment." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026) (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211–12 (3d Cir. 2020)).    The respondents' answer must address whether the petitioner's detention is reasonable under these factors.

4.      Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), the petitioner must file any response within **ten (10) days** of the date reflected on the certificate of service.  The petitioner's response must also address the reasonableness of his detention under the four factors in *Michelin*, 169 F.4th at 433.  Under the court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion.  *See* S.D. Tex. L.R. 7.4.  If the petitioner fails to comply on

2

time, the court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5.    **Within three (3) days of the date of this Order, counsel for the petitioner must provide the petitioner's A-Number and country of birth to assist the court in locating the petitioner on ICE's Online Detainee Locator System**.[2]

6.    The respondents must notify the petitioner's counsel and the court of any anticipated or planned transfer of Luis Manuel Hernandez-Saldana outside of the Southern District of Texas **at least five (5) days before** any such transfer.

SIGNED on June 16, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[2] *See Online Detainee Locator System*, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/#/search (last visited June 16, 2026).